**JAY LAWRENCE FRIEDHEIM #4516**
**Admiralty Advocates**
866 Iwilei Road, Suite 201
Honolulu, Hawaii  96817
Telephone No.  (808) 545-5454
Fax   No. (808) 528-1818
Email Jay@AdmiraltyAdvocates.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| BETH DOST ) | CIVIL NO. 1:21-cv-1 |
|     Plaintiff, ) |  |
| ) |  |
| vs. ) | COMPLAINT; |
| ) | JURY DEMAND; |
| ) | SUMMONS |
| 88 PALPAL KEEAUMOKU ) |  |
| L&C CORP. ) |  |
|     Defendant ) |  |
| _____ ) |  |

COMPLAINT

Plaintiff BETH DOST, through her undersigned counsel, avers and alleges:

1.  This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and has pendant jurisdiction over the parallel state law claim.

2.  Venue lies with this Court because all events occurred within this District.

3. Plaintiff DOST ["Plaintiff"] is a person with a disability that substantially limits her mobility. Her physical condition qualifies her as a person with a disability under federal and state law.

4. Defendant 88 PALPAL KEEAUMOKU L&C CORP. ["Defendant"] does business in Hawaii as domestic profit corporation, duly registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in the general grocery, retail and food business. Accordingly Defendant is a public accommodation, operating a convenience store at 835 Keeaumoku Street 1-102, City & County of Honolulu.

## FACTS

5. On May 2, 2020, the Plaintiff entered the Defendant's store to shop.

6. Plaintiff was assisted by her service dog on a proper leash.

7. Plaintiff has owned her service dog for several years and does not go anywhere without it.

8. Plaintiff's service dog performs numerous tasks to facilitate her daily life. Having multiple sclerosis she needs assistance ambulating and maintaining her balance. Her service dog performs that crucial task for her.

9. Upon her entry into Defendant's store a male store employee stopped her. The man told her she had to carry her service dog or put her service dog in a shopping cart. If she did not do either, she would not be allowed in the store.

10. Plaintiff explained that she could not do either because the dog was a service animal that she needed on the floor to assist her maintain her balance.

11. Defendant's employee disregarded her explanation that her dog was a service animal.

12. Defendant's employee told Plaintiff she would not be served in the store and ordered her to leave the premises.

13. When Plaintiff then tried to enter the store, Defendant's employee physically blocked her passage.

14. Plaintiff insisted she had the right to be assisted by her service dog and complained about the Defendant's employee's denial of her entry.

15. Defendant's employee became verbally abusive and addressed the "f-word" and the "b-word" to her.  He continued to denigrate her personally, accusing her of being "smelly" and calling her derogatory names like "musky lady."

16. Plaintiff involuntarily left the store and immediately called the police.

## CAUSES OF ACTION

17. Plaintiff brings causes of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(ii) based on the Defendant's denying her full and equal enjoyment of its goods, services, and facilities because of her disability for which she is benefitted by the use of a service animal.  Defendant refused to make a

reasonable modification to its apparent "no pets" policy by permitting the Plaintiff's service animal in the store to assist her.

18. Plaintiff also brings a cause of action for violation of Hawaii Revised Statutes § 489-3 based on the Defendant's denying her full and equal enjoyment of its goods, services, and facilities because of her disability for which she is benefitted by use of a service animal by refusing to permit her service animal to assist her in its store.

## RELIEF SOUGHT

19. Plaintiff seeks both legal and equitable relief.

20. Pursuant to 42 U.S.C. § 12188(a)(1) the Plaintiff seeks an injunction requiring the defendant to train its employees interacting with the public as part of their job duties on the correct protocol for service animals.

21. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the Plaintiff seeks an injunction requiring the Defendant to train its employees interacting with the public as part of their job duties on the correct protocol for service animals.

22. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the Plaintiff seeks damages three times the amount of damages to be shown at trial for exacerbation and worsening of her pre-existing psychological and emotional conditions for which she was and is under professional medical treatment.

23. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all her reasonable attorney's fees and litigation costs.

24.  Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all her reasonable attorney's fee and costs of litigation.

25. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, January 3, 2021

/s/ *Jay Lawrence Friedheim*
Jay Lawrence Friedheim, Esq.
Attorney for Plaintiff